IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.K., | CIVIL ACTION |
| Plaintiff, | |
| | NO.:   2:14-CV-00218 |
| v. | Chief Judge Joy Flowers Conti |
| NORTH ALLEGHENY<br>SCHOOL DISTRICT, | |
| | JURY TRIAL DEMANDED |
| Defendant. | |

## DEFENDANT'S BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, North Allegheny School District ("Defendant" or "District"), by and through its undersigned counsel, Maiello Brungo & Maiello, LLP, hereby submits this Brief in Opposition to Plaintiff's Motion for Summary Judgment.  Defendant hereby incorporates by reference the arguments set forth in their Brief in Support of their Motion for Summary Judgment as though fully set forth herein.

### I.      Procedural History

Defendant hereby incorporates by reference the Procedural History set forth in its Brief in Support of its Motion for Summary Judgment as though fully set forth herein.

### II.     Facts

Defendant hereby incorporates by reference its Statement of Material Undisputed Facts as though fully set forth herein.  Defendant also incorporates by reference its Reply to Plaintiff's Concise Statement of Material Facts as though fully set forth herein.

263369,42000.2

### III.   <u>Statement of Issue Presented</u>

**A. Whether Defendant did not discriminate against Plaintiff when it refused her request for transportation?**

**[suggested answer in the affirmative]**

**B. Whether Plaintiff is not entitled to any compensatory damages as a matter of law based upon the undisputed facts of record?**

**[suggested answer in the affirmative]**

### IV.   <u>Standard of Review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A motion for summary judgment will only be denied when there is a genuine issue of material fact, i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>McGreevy v. Stroup</u>, 413 F.3d 359, 363 (3d Cir. 2005). The mere existence of some disputed facts is insufficient to defeat a motion for summary judgment. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-48 (1986). As to materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. In determining whether the dispute is genuine, the court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. The court is only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. <u>McGreevy</u>, 413 F.3d at 363; (quoting <u>Fuentes v. Perskie</u>,

263369,42000.2

32 F.3d 759, 762 n.1 (3d Cir. 1994)).  In evaluating the evidence, the court must interpret the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. Watson v. Abington Twp., 478 F.3d 144, 147 (3d Cir. 2007).

**V.    Argument**

**A.  Defendant did not discriminate against Plaintiff when it refused her request for transportation.**

Plaintiff argues that the Defendant discriminated against her by refusing to provide her transportation for S.K. to a daycare facility outside of the District's boundaries and for Defendant's failure to modify its practice regarding same.  Plaintiff's argument puts the proverbial cart before the horse in that there is no evidence of record that it was medically necessary for S.K. to attend A Child's Way.  Simply put, Plaintiff's argument fails because the record is devoid of anything to support Plaintiff's claim that the only daycare facility that could meet the needs of Plaintiff was A Child's Way.

Initially, it is important to note that there is no evidence that Plaintiff submitted any application to any daycare facility inside the District's boundaries.  Therefore, it is unknown whether any such daycare facility would have accepted S.K.  Moreover, Erin Colvin of A Child's Way notes that home nursing care was an option for Plaintiff, but that A Child's Way was a better option.  (Plaintiff's Concise Statement of Material Facts "CSMF", Exhibit "D").  Furthermore, S.K.'s pediatrician noted (presumably relying on information provided by Plaintiff) that there were no daycare facilities in the District that "either had openings or were able to meet his needs." (PCSMF, Exhibit "C")  The only reasonable inference deduced from this statement is that there were daycare facilities inside the District that could meet the medical needs of S.K., but they were unavailable because they did not have any "openings."  Finally, and perhaps most importantly, it is undisputed that Plaintiff wanted S.K. to attend A Child's Way merely as a convenience to

263369,42000.2

Plaintiff as a result of a change in her employment schedule.  Accordingly, since it was not medically necessary (and educationally necessary as has already been determined) for S.K. to attend A Child's Way, the District was not required to provide a modification of its policy.  At a minimum, there exists a fact issue that precludes summary judgment being entered in favor of Plaintiff.

Even assuming, *arguendo*, that the District was required pursuant to 28 C.F.R. § 35.130(b)(7) to provide a modification to its practice of not transporting students to daycare facilities outside of the District for S.K., there is evidence of record that such modification would have placed an undue financial burden and fundamentally altered the nature of the transportation program such that no such modification was required.  See Sch. Bd. Of Nassau County v. Airline, 480 U.S. 273, 287, n. 17 (1987).  Plaintiff repeatedly argues in her Memorandum in Support of Summary Judgment that the District did not provide the reasons it made to support its decision to deny Plaintiff's transportation request.  Plaintiff's argument is misplaced because it is of no moment that Defendant did not provide such reasons; rather, it is only relevant that such considerations were given by the District in making its decision.

The undisputed facts of record reveal that such considerations were given by the District in reaching its decision as described in the Supplemental Unsworn Declaration of Ms. Maximo. The District would have incurred additional time and expense for the additional twenty-five (25) minutes it would have taken to transport S.K. to and from A Child's Way and to and from Western Pennsylvania School for the Blind ("WPSB").  Additionally, the additional transportation would have been at the sacrifice of time for the two other special needs children (and their respective nurse and aide) who would have been in the van much longer at the expense of the District.  A change in the transportation schedule would therefore have had a significant impact on the

education of these students given their needs and additional time on the van.  Finally, the cost to the District for another school district (Shaler Area School District) to transport S.K. as requested by Plaintiff would have been an additional $70-$72 a day, which is an undue financial burden. Accordingly, even if Plaintiff was required to provide a reasonable modification, which is expressly denied as discussed above, the evidence of record reveals that any such modification would fundamentally alter its transportation program.  Therefore, Plaintiff's Motion for Summary Judgment must be denied on this basis alone.

**B.  Plaintiff is not entitled to any damages as a matter of law based upon the undisputed facts of record.**

Plaintiff argues that it is "well-settled in the Third Circuit that a plaintiff must demonstrate that the defendant acted with deliberate indifference in order to support an award of compensatory damages."  (Doc. 66, p. 12)  This is incorrect.  As this Honorable Court explained in its Opinion and Order on S.K.'s Motion for Leave to File an Amended Complaint, the "Third Circuit has not addressed this issue."  (Doc. 44, p. 27)  Defendant urges this Honorable Court to follow the line of cases that no such damages for emotional distress are available under the Rehabilitation Act or ADA, which includes a decision by a District Court in the Third Circuit.  See Nathanson v. Medical College of Pa., Civ. Action No. 1991 WL 83112, at * 5 (E.D. Pa. May 13, 1991) ("Additionally, plaintiff cannot recover damages for emotional distress under Title VI and, necessarily, the Rehabilitation Act."); Bell v. Board of Educ. Of Albuquerque Public Schools, 652 F.Supp.2d 1211 (D.N.M. 2008); United States v. Forest Dale, Inc., 818 F.Supp. 954 (N.D. Tex. 1993).

Defendant acknowledges that the Third Circuit Court of Appeals has held that "a showing of deliberate indifference may satisfy a claim for compensatory damages under § 504 of the RA and § 202 of the ADA." S.H. v. Lower Merion Sch. District, 729 F.3d 248, 263 (3d Cir. 2013). The court of appeals explained that to satisfy the deliberate indifference standard, a plaintiff must

show: "(1) *knowledge* that a federally protected right is substantially likely to be violated…, and (2) *failure to act* despite that knowledge." Id. at 265 (emphasis in original). "Thus, a defendant need not have 'actual knowledge' of a violation to establish deliberate indifference, but rather need only have knowledge that harm to a right is 'substantially likely.'" <u>Prakel v. Indiana</u>, 100 F.Supp.3d 661 (S.D. 2015) (quoting <u>Hunter v. D.C.</u>, 64 F.Supp.3d 158, 168 n.9 (D.C. 2014)).

The court in <u>Prakel</u> applied the deliberate indifference standard to a failure to accommodate claim brought under § 504 of the Rehabilitation Act and Title II of the ADA.  <u>Prakel</u>, 2015 WL 1455988, at *19. The court explained:

> "When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1139 (9th Cir.2001); accord Barber, 562 F.3d at 1229.
>
> …
>
> Under the second prong of the test, a plaintiff must establish that the defendant deliberately failed to satisfy its duty to act in response to the accommodation request. <u>Duvall</u>, 260 F.3d at 1139–40. It is the defendant's duty to undertake a fact-specific investigation by gathering information from the plaintiff (and qualified experts, if necessary) to determine the proper accommodation required, giving "primary consideration" to the plaintiff's preference. Id. at 1139.

Prakel, 2015 WL 1455988, at *19.

Here, Plaintiff has unequivocally failed to meet the second prong of the test.  It is clear from the undisputed facts of record that the District did undertake a fact-specific investigation gathering information.  Specifically, the District assessed the time and money that it would have incurred to provide the accommodation requested.  The District also considered the burden on other special needs students it was transporting to WPSB.  Furthermore, the District contacted Shaler Area School District at the specific request of Plaintiff.  Thus, there is no evidence to support a finding of deliberate indifference as the District took significant steps in determining

whether or not to provide the transportation.  Accordingly, Plaintiff is not entitled to any compensatory damages, including any non-economic damages for emotional distress.

Finally, Plaintiff boldly argues that she is entitled to equitable relief in the form of compensatory education.  This argument is disingenuous at best.  Plaintiff does not have standing because Plaintiff herself has not been deprived of any education.  Moreover, this Honorable Court has already dismissed S.K.'s claims in this regard from which Plaintiff took an appeal to the U.S. Third Circuit Court of Appeals.  Furthermore, Plaintiff does not cite to any authority to support her argument because no such authority exists.  Therefore, Plaintiff's argument for damages in the form of compensatory education also fails.

**VI.**   **Conclusion**

For the good and sound reasons advanced herein, Defendant, North Allegheny School District, respectfully requests that this Honorable Court deny Plaintiff's Motion for Summary Judgment, grant it's Motion for Summary Judgment, and enter judgment in its favor.


MAIELLO, BRUNGO & MAIELLO, LLP


BY:     *s/Gary H. Dadamo*
         Gary H. Dadamo, Esquire
         Pa. I.D. #93292
         ghd@mbm-law.net
         MAIELLO, BRUNGO & MAIELLO, LLP
         SouthSide Works
         424 South 27th St., #210
         Pittsburgh, PA 15203
         Ph: (412) 242-4400
         *Attorney for Defendant*

### <u>CERTIFICATE OF SERVICE</u>

I, Gary H. Dadamo, Esquire, certify that on this 2nd day of November, 2016, I electronically filed the foregoing **Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, to be served as follows:

Jeffrey J. Ruder, Esq.
jeffruder@gmail.com
*Attorney for Plaintiff*

MAIELLO, BRUNGO & MAIELLO, LLP

By  */s/ Gary H. Dadamo*
    Gary H. Dadamo, Esquire
    Pa. I.D. #93292
    ghd@mbm-law.net
    *Attorney for Defendant*